IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALVIN AVON BRAZIEL, JR., <br> *Petitioner,* <br><br> V. <br><br> RICK THALER, Director, <br> Texas Department of Criminal Justice <br> Correctional Institutions Division, <br> *Respondent.* | § § § § § § § § § § | Civil Action No. 3:09-CV-1591-M <br><br> (Death Penalty Case) |

## ORDER SUSPENDING PROCEEDINGS

This Court previously denied a motion to abate these proceedings to exhaust a claim of ineffective assistance of trial counsel because that claim was procedurally barred due to the ineffective assistance of state habeas counsel in failing to raise the claim earlier. (Order, doc. 27.) Subsequently, the Supreme Court in *Martinez v. Ryan*, 566 U.S. ___, 132 S.Ct. 1309 (2012), created a limited exception to procedural bar for claims of ineffective assistance of trial counsel that were not presented to the state court either because the petitioner was not afforded the assistance of state habeas counsel or because that assistance was ineffective. If it applies to this case, the new exception to procedural bar created in *Martinez* could allow this Court to consider the merits of the claim for which an abatement was previously denied.

The United States Court of Appeals for the Fifth Circuit, however, has held that the *Martinez* exception does not apply in the review of state convictions and sentences issued by the Texas courts because such claims could be raised in the direct appeal allowed in Texas. *Ibarra v. Thaler*, 687 F.3d 222 (5th Cir. 2012). Since *Ibarra* was issued, the Supreme Court has granted a writ of certiorari in *Trevino v. Thaler*, No. 11-10189, 133 S.Ct. 524 (Oct. 29, 2012), to address the question of whether this exception applies to cases arising out of the state courts of Texas. Oral argument before the Supreme Court has concluded and a decision in *Trevino* is expected by the end of the current term.

If the *Martinez* exception applies to Texas cases, Braziel's claim of ineffective assistance of trial counsel could be entitled to *de novo* review, without the deference otherwise required by the AEDPA for claims that were adjudicated on the merits in state court, because it was never presented to the state courts. This could require an evidentiary development that would not be appropriate current Circuit precedent. Recognizing the potential impact on similar claims, other proceedings have already been abated pending the Supreme Court's decision in *Trevino*.[1] Because of its potential impact on these proceedings and the uncertainty of how the Supreme Court will decide the matter now before it, this Court exercises its discretion to wait for a final decision in *Trevino*.

For the reasons set out above, further proceedings in this cause are **SUSPENDED** and held in abeyance until the Supreme Court issues its decision in *Trevino*. The Clerk of Court is directed to administratively close this case for statistical purposes. However, nothing in this order shall be

---

[1] *See Rayford v. Thaler*, No. 12-7004, Notice of Cancellation of Oral Argument (5th Cir., Nov. 7, 2012); *Will v. Thaler*, No. 4:07-cv-01000 (S.D. Tex., Dec. 20, 2012); *Reynoso v. Thaler*, No. 4:09-cv-02103 (S.D. Tex., Jan. 2, 2013); *Flores v. Thaler*, No. 3:07-CV-413-M (N.D. Tex., Jan. 15, 2013); *Garcia v. Thaler*, No. 3:06-CV-2185-M (N.D. Tex., Jan. 15, 2013); *Medina v. Thaler*, No. 4:09-cv-03223 (S.D. Tex., Feb. 6, 2013).

considered a final dismissal or disposition, and this case shall be reopened upon the issuance of a final decision by the Supreme Court in *Trevino* or otherwise by further order of this Court.

**IT IS SO ORDERED.**

SIGNED March 14, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE