IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALVIN AVON BRAZIEL, JR., | § | |
| Petitioner, | § | |
| | § | Civil Action No. 3:09-cv-1591 |
| v. | § | (Magistrate Judge Paul D. Stickney) |
| | § | |
| WILLIAM STEPHENS, | § | *   DEATH PENALTY CASE   * |
| Director, Texas Department | § | |
| of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**RESPONDENT'S SUPPLEMENTAL BRIEFING OPPOSING EVIDENTIARY DEVELOPMENT AND A STAY OF THESE PROCEEDINGS**

This is a federal habeas corpus proceeding brought by Petitioner Alvin Braziel, Jr., a death-sentenced Texas inmate. Almost three years ago Braziel filed his petition for habeas corpus relief to which the Director answered. Docket Entries (DE) 16, 26. In that answer, the Director argued that Braziel's first allegation—an ineffective-assistance-of-trial-counsel (IAC) claim—was unexhausted and procedurally defaulted as well as completely without merit. DE 26 at 12-28. Since then, the Supreme Court issued its opinion in *Martinez v. Ryan*,[1] which created for the first time a limited exception to the procedural bar of IAC claims. The Court's more recent decision in *Trevino v. Thaler*[2] found that this limited equitable exception generally applies to Texas capital cases.

---

    1    132 S. Ct. 1309 (2012).

    2    133 S. Ct. 1911 (2013).

In light of these decisions, this Court has instructed the parties to file supplemental briefing regarding the impact of *Trevino* on this case, including but not limited to the following issues: (1) whether evidentiary development should be allowed by this Court in connection with the *de novo* consideration of any unexhausted claim that may fall within the exception to a procedural bar created in *Martinez*; and (2) whether this Court should further abate these proceedings to allow the petitioner to now present any such claim to the state court in the first instance. DE 31. As discussed below, the Supreme Court's recent opinions in *Martinez* and *Trevino* do not affect this case because Braziel was not denied effective counsel during his state habeas proceedings. Further, nothing in the *Martinez* or *Trevino* opinions suggests that an appropriate remedy for a petitioner having received ineffective assistance of state habeas counsel would be evidentiary development in federal court of procedurally defaulted claims. Indeed, Braziel is precluded by 28 U.S.C. § 2254(e)(2) from obtaining such relief. Finally, because Braziel lacks good cause and his claims are plainly meritless, Braziel should not be allowed to delay these proceedings any further by returning to state court in order to present his defaulted claim there for the first time.

I. **The Supreme Court's decisions in *Martinez* and *Trevino* are not applicable to the instant case.**

In *Martinez*, the Supreme Court found for the first time an equitable exception to the unqualified statement previously asserted in *Coleman v.*

2

*Thompson*[3] that an error by an attorney in a postconviction proceeding does not qualify as cause to excuse a procedural default. 132 S. Ct. at 1315. The Court's more recent decision in *Trevino* found that this limited equitable exception generally applies to Texas capital cases. 133 S. Ct. at 1915. Although Braziel might believe that these opinions completely undercut *Coleman*, as well as a decade of Fifth Circuit precedent[4] holding that ineffective assistance of state habeas counsel does not constitute cause to overcome a procedural default, the *Martinez* court was careful to craft a narrow exception to *Coleman*, limiting its ruling *only* to procedural bars applied to IAC claims. 132 S. Ct. at 1319-21. Specifically, the Court held that the rule in *Coleman* holding that attorney negligence in postconviction proceedings does not establish cause "remains true except as to initial-review collateral proceedings for claims of ineffective assistance of counsel *at trial*." *Id*. (emphasis added). As such, the decision in *Martinez*, as well as its subsequent application to Texas in *Trevino*, have absolutely no effect on whether any of Braziel's other allegations are procedurally defaulted.

*Martinez and Trevino* do not affect Braziel's ineffective assistance of trial counsel claim either because he would still have to demonstrate that state habeas counsel's representation was actually ineffective under the *Strickland*

---

[3] 501 U.S. 722, 753-54 (1991).

[4] *See, e.g., Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010); *Nenno v. Quarterman*, 489 F.3d 214, 217 (5th Cir. 2007); *Beazley v. Johnson*, 242 F.3d 248, 270-72 (5th Cir. 2001).

*v. Washington*[5] standard in order to establish cause for his procedural default. *Id.* at 1318, 1320. But Braziel's assertion that counsel was "negligent" in failing to raise a particular version of an IAC claim at the state court level while representing Braziel is a different type of grievance than the complaint levied against counsel for Martinez. DE 33 at 6. Martinez was convicted in Arizona state court of sexual conduct with a minor, and his conviction was affirmed on direct appeal. 132 S. Ct. at 1313-15. During the pendency of his appeal, Martinez's appellate counsel initiated collateral review in state court by filing a notice of post-conviction relief, but then filed a statement that she could find no colorable claim for post-conviction relief. *Id.* The state court gave Martinez the option of filing a pro se petition, but Martinez alleged that his counsel failed to inform him that he needed to do so. *Id.* After the time to file a petition expired, the trial court dismissed the collateral action. *Id.* Later, represented by new counsel, Martinez filed a new notice of post-conviction relief in state court and alleged that his trial counsel had been unconstitutionally ineffective, but this petition was dismissed since he did not present the claim in the first proceeding. *Id.* In federal habeas proceedings, the district court then denied Martinez's claims as procedurally barred. *Id.*

In contrast, Braziel admits that counsel filed a state habeas application—albeit not one containing the points of error that he now wishes to urge. This is the very difference between a claim under *Strickland* and a claim under *United States v. Cronic*, 66 U.S. 648 (1984)—i.e., error by

---

5   466 U.S. 668 (1984).

omission and a total denial of counsel. *See, e.g.*, *Penson v. Ohio*, 488 U.S. 75, 88 (1988) (failure of counsel to press particular argument or argue it effectively is different from denial of counsel altogether). Thus, *Martinez* and *Trevino* do not help Braziel because counsel did not fail to file or otherwise abandon his client. Instead, counsel simply did not raise the claims that Braziel now believes (in hindsight) he should have raised. *Strickland*, 466 U.S. at 689 ("Even the best criminal defense attorneys would not defend a particular client in the same way.").

Notwithstanding Braziel's self-serving inferences that counsel was "negligent," the record demonstrates that he filed a 150-page state habeas petition raising six well-briefed points of error, including a different IAC allegation. *Ex parte Braziel, Jr.*, No. 72,186-01; SHCR at 2-153.[6] Simply because he did not raise the allegations that he now contends he should have raised does not render counsel's assistance ineffective under *Strickland*. *Cf. Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding appellate counsel is not ineffective merely because he fails to raise issues that his client requests him to raise); *Jones v. Barnes*, 463 U.S. 745, 751-53 (1983) (holding appellate counsel is only constitutionally obligated to raise and brief those issues that are believed to have the best chance of success); *Engle v. Isaac*, 456 U.S. 107, 134 (1982) ("[T]he constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will

---

6 "SHCR" refers to the state habeas Clerk's Record—the transcript of pleadings and documents filed with the court during Braziel's state habeas proceeding—and is also followed by the relevant page numbers.

recognize and raise every conceivable constitutional claim."). Thus, even with the benefit of *Martinez*, Braziel cannot establish cause that would excuse his unexhausted claims from being procedurally defaulted.

## II. Braziel is not entitled to evidentiary development.

Prior to *Martinez*, the actions or omissions of a petitioner's state habeas counsel could not constitute "cause." *See Coleman*, 501 U.S. at 752–53. The Supreme Court reasoned that because a petitioner had no constitutional right to state habeas counsel at all, the actions of state habeas counsel could not constitute a deprivation of constitutionally effective assistance of counsel. *Id.* The Supreme Court in *Martinez* changed this by creating a limited exception to the *Coleman* rule. Specifically, the Court found that "[w]here, under State law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S. Ct. at 1320. Thus, when a petitioner falls within this limited exception, a "procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial." *Id.* at 1320. In other words, the only remedy offered by *Martinez* is a federal merits review of the otherwise procedurally barred claim. *See Trevino*, 133 S. Ct. at 1921.

### A. *Martinez* does not concern evidentiary development.

The *Martinez* exception protects a petitioner from forfeiting *completely* a claim of ineffective assistance of trial counsel if the petitioner's state habeas counsel failed to raise the claim in state court and was ineffective for doing so. 132 S. Ct. at 1320. In both *Martinez* and *Trevino*, the Court was concerned that the "failure [of a federal court] to consider a lawyer's 'ineffectiveness' during an initial-review collateral proceeding as a potential 'cause' for excusing a procedural default will deprive the defendant of any opportunity *at all* for review of an ineffective-assistance-of-trial-counsel claim." *Trevino*, 133 S. Ct. at 1921 (emphasis added); *see also Martinez* 132 S. Ct. at 1316 ("When an attorney errs in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner's claim. . . . And if counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims.")(internal citations omitted). But the Supreme Court created the *Martinez* exception to address that concern and that concern only. 132 S. Ct. at 1320 ("The rule of *Coleman* governs in all but the limited circumstances recognized here.").

In its limited holding, the *Martinez* Court described the only consequence of a petitioner establishing cause and prejudice for a procedural default: "A finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted." *Martinez*, 132

7

S. Ct. at 1320. Nowhere in either opinion did the Court hold that the equitable exception recognized in *Martinez* allows for evidentiary development of a petitioner's claim in federal court. In fact, to hold that a petitioner who qualifies for relief under *Martinez* is also entitled to evidentiary development of his IAC claims would require yet another equitable exception—in this case, an exception to 28 U.S.C. § 2254(e)(2).

### B. No evidentiary development is available under § 2254(e)(2).

28 U.S.C. § 2254(e)(2) states that where a habeas petitioner has failed to develop the factual basis of his claims in state court, he is precluded from further factual development in federal court unless he can meet the statutory exceptions set out in § 2254(e)(2) by alleging a newly arising constitutional right or newly discovered facts. *(Michael) Williams v. Taylor*, 529 U.S. 420, 430 (2000). The *Martinez* Court clearly stated that its equitable exception did not create a new constitutional right. 132 S. Ct. at 1315. And the fact that Braziel now claims that state habeas counsel should have raised an IAC claim during state habeas proceedings is direct evidence that the claim (and accompanying evidence) was available at that time. Because any lack of diligence on the part of state habeas counsel in developing the factual basis for a claim can constitute a failure sufficient to trigger the restrictive requirements of § 2254(e)(2), evidentiary development is now foreclosed in this Court. *(Michael) Williams*, 529 U.S. at 432.

While the Supreme Court could act in equity to excuse a judicially created procedural default, *see Martinez*, 312 S. Ct. at 1318, a federal court

8

would have less authority to contravene a statute. *See, e.g., In re Webster*, 605 F.3d 256, 257-58 (5th Cir. 2010)(noting that where petitioner seeks postconviction relief challenging his death sentence only, and where the federal statute limits subsequent applications to those seeking relief from conviction only, court is without authority to consider subsequent application seeking relief from sentence); *Hope v. United States*, 108 F.3d 119, 120 (7th Cir. 1997) (Posner, J.)(noting while judges could expand judge-made exception, they would have less power to act contrary to a statute). Thus, even were a petitioner's default excused in federal court, a federal court would still be bound by the statute that limits the court's ability to allow evidentiary development of the claim. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1401 (2011).

Assuming this Court were not barred from granting Braziel an evidentiary hearing, such evidentiary development would not be required because this Court still retains its discretion to deny such a request. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (subject to the confines of AEDPA, "the decision to grant an evidentiary hearing [is] generally left to the sound discretion of district courts"); *Hall v. Quarterman*, 534 F.3d 365, 368 (5th Cir. 2008); *Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000) ("[O]vercoming the narrow restrictions of § 2254(e)(2) does not guarantee a petitioner an evidentiary hearing; it merely opens the door for one . . . the district court retains discretion over the decision to grant an evidentiary hearing."). Even where no factual findings have been made by any state court, a district court

9

does not abuse its discretion in refusing to grant an evidentiary hearing if there are sufficient facts before it to make an informed decision regarding the merits of a claim. *See Landrigan*, 550 U.S. at 474–75 ("It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."); *see also McDonald v. Johnson*, 139 F.3d 1056 (5th Cir. 1998) ("The district court had sufficient facts before it to make an informed decision on the merits . . . and, accordingly, did not abuse its discretion in refusing to hold an evidentiary hearing.").

In this case, no evidentiary hearing is necessary because the existing record is more than enough to refute Braziel's three-page allegation that counsels' investigation into his life history fell "so far below the standard of care required of counsel trying capital cases" that his constitutional rights were violated. DE 16 at 19-22. As discussed more thoroughly in the Director's answer, Braziel fails to demonstrate that trial counsel performed deficiently in their mitigation investigation or that their performance had any prejudicial effect on the outcome of the punishment phase. DE 26 at 12-28. Much of the "evidence" Braziel refers to is either unsubstantiated, unhelpful, or potentially double-edged in nature, and he fails to show that a life sentence would have resulted had counsel presented the evidence he now presents for the first time. Because this Court has sufficient evidence before it to reach a decision on Braziel's IAC claim, evidentiary development would be inappropriate even if it was an available remedy under *Martinez*.

### III.   Braziel is still not entitled to stay these proceedings.

A district court traditionally has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Although AEDPA did not deprive district courts of that authority, the statute did circumscribe their discretion by requiring that the decision to issue a stay be compatible with the purposes of the AEDPA. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). One of the statute's purposes is to "reduce delays in the execution of state and federal criminal sentences, particularly in capital cases." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Another is to encourage petitioners to first seek relief in state court prior to filing a petition in federal court. *Rhines*, 544 U.S. at 276. The issuance of a stay has the potential to undermine these twin purposes by frustrating "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and undermining "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277. Thus, a stay is available "only in limited circumstances." *Id.*

Specifically, in order to grant a stay of the proceedings, the Supreme Court found that (1) the district court must determine "there was good cause for the petitioner's failure to exhaust his claims first in state court"; (2) regardless of good cause, an abuse of discretion would occur if the district court granted a petitioner a stay "when his unexhausted claims are plainly

11

meritless"; and (3) a stay should not be granted "if a petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. Braziel does not fall within any of these "limited circumstances."

As discussed previously in Section I, Braziel failed to establish "good cause" under *Martinez* because his state habeas counsel neither abandoned him nor performed deficiently. For these same reasons, Braziel cannot establish "good cause" under the *Rhines* standard. Moreover, Braziel's IAC claim is also plainly meritless under the *Rhines* standard because it is both unexhausted and procedurally defaulted. DE 26 at 14-16; *see Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (holding that a procedurally barred claim is "plainly meritless" under *Rhines*). Under both Supreme Court and Fifth Circuit precedent, Braziel's new claim is procedurally barred because he failed to properly raise it in the state court first. *Coleman*, 501 U.S. at 735 n.1; *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997)). In *Nobles*, the Fifth Circuit held that where a petitioner raises claims in federal court that have not previously been presented to the state courts, and Article 11.071, Section 5(a) of the Texas Code of Criminal Procedure would apply to foreclose review of the claims if presented in a successive state habeas application, such is an independent and adequate state procedural bar foreclosing federal habeas review of the claims. 127 F.3d at 422; *see also Beazley*, 242 F.3d at 264. A procedural default such as this will bar federal habeas review unless the petitioner can show cause for the default and resulting prejudice, or demonstrate that the court's failure to consider the federal claim will result in

12

a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Barrientes v. Johnson*, 221 F.3d 741, 758 (5th Cir. 2000).

As discussed in the previous section, Braziel cannot demonstrate cause to overcome his default. Similarly, he has made no attempt to demonstrate that the Court's dismissal of these claims will result in a "fundamental miscarriage of justice." Thus, because the new IAC claim was clearly available during his state habeas proceeding but were not properly asserted, the procedurally defaulted claims are considered meritless under the *Rhines* standard. *Neville*, 423 F.3d at 480; *Williams*, 602 F.3d at 305-06 (holding that a petitioner's ineffective assistance of counsel claim was procedurally defaulted because if the petitioner returned to state court, the court would not consider the merits under Article 11.071, Section 5(a)); *see also Greer v. Thaler*, 2010 WL 1976620 (5th Cir. 2010)(unpublished)(same).

Regardless of whether it is procedurally barred, Braziel's IAC claim is still "plainly meritless" under the *Rhines* standard because he fails to demonstrate that trial counsel performed deficiently in their mitigation investigation or that their performance had any prejudicial effect on the outcome of the punishment phase. DE 26 at 12-28. As a result, it does not warrant a stay of these proceedings under the *Rhines* standard. 544 U.S. at 277-78. Therefore, Braziel should not be allowed to delay these proceedings by making the futile effort to now have the state court review his claims.

Because Braziel fails to provide good cause for his failure to raise his new allegation first in the state court, and because the new allegation is

clearly procedurally defaulted and meritless, any request for a stay of these proceedings should be denied. To hold otherwise would encourage every petitioner post-*Trevino* to raise allegations of ineffective state habeas counsel hoping to delay his proceedings by raising a new claim after his state habeas proceedings have been completed, which would undermine AEDPA's "goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277 (citing *Duncan v. Walker*, 533 U.S. 167, 180 (2001)("[D]iminution of statutory incentives to proceed first in state court would . . . increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce.")).

## CONCLUSION

In sum, Braziel fails to demonstrate that the Supreme Court's recent decision in *Martinez* and *Trevino* are applicable to his case. Even assuming for the sake of argument that Braziel qualified for the equitable benefits of *Martinez*, the most he would be entitled would be a merits review of his IAC claim—nothing more. For these reasons, the Director respectfully requests that this Court deny any request for evidentiary development and to continue these proceedings unabated.

                                      Respectfully submitted,

                                      GREG ABBOTT
                                      Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division


   /s/ Jeremy Greenwell
JEREMY C. GREENWELL*
Assistant Attorney General
State Bar No. 24038926


P.O. Box 12548, Capitol Station
Austin, Texas   78711-2548
(512) 936-1600
(512) 320-8132 (Fax)
E-mail: jeremy.greenwell@oag.state.tx.us

*Lead Counsel                  ATTORNEYS FOR RESPONDENT

15

## CERTIFICATE OF SERVICE

I certify that on the 31st day of July, 2013, a true and correct copy of the above pleading was electronically served to the following counsel for Braziel by filing the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

| | |
|---|---|
| DON VERNAY<br>1604 Golf Course Road SE<br>Rio Rancho, NM 87124<br>minimal243@yahoo.com | RICHARD WARDROUP<br>P.O. Box 879<br>1001 Maine Street, Suite 707<br>Lubbock, TX 79401<br>rickwardroup@gmail.com |

   /s/ Jeremy Greenwell
JEREMY C. GREENWELL
Assistant Attorney General