

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

APR 15 2014

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALVIN AVON BRAZIEL, JR.,                §
                                        §
            Petitioner,                 §
                                        §
VS.                                     §
                                        §        No. 3:09-CV-1591-M
WILLIAM STEPHENS, Director              §
Texas Department of Criminal Justice,   §        (Death Penalty Case)
Correctional Institutions Division      §
                                        §
            Respondent.                 §

## MEMORANDUM OPINION AND ORDER

On February 24, 2014, Respondent filed his motion to cancel evidentiary hearing and alternative motion to limit the scope of evidentiary development ("Motion," ECF No. 42). Braziel has filed his response in opposition ("Response," ECF No. 44). The Court denies the motion to cancel the hearing, but partially grants the motion to limit its scope.

I

Respondent asserts three grounds to cancel the evidentiary hearing: (1) that the Supreme Court opinions in *Martinez v. Ryan,* 132 S. Ct. 1309 (2012), and *Trevino v. Thaler,* 133 S. Ct. 1911 (2013), do not concern evidentiary development, (2) that an evidentiary hearing is precluded by 28 U.S.C. § 2254(e)(2), and (3) that if it is not precluded, this Court should exercise its discretion to deny the evidentiary hearing.

A

Respondent argues that "the only remedy" the Supreme Court affords in *Martinez* and *Trevino* is a federal merits review of ineffective-assistance-of-trial-counsel claim on the existing record developed in the state court, and that "[n]owhere in either opinion did the Court even

mention evidentiary development, much less hold that [the] new equitable exception somehow requires it." (Mot. at 3.) This assertion is incorrect and ignores the reasoning of these opinions.

In *Martinez*, the Supreme Court recognized the need for factual development, explaining that claims of ineffective assistance of trial counsel "often require investigative work," "often depend on evidence outside the trial record," and that "[d]irect appeals, without evidentiary hearings, may not be as effective as other proceedings for developing the factual basis for the claim." 132 S. Ct. at 1317-18. The Court reasoned that "[a]llowing a federal habeas court to hear a claim of ineffective assistance of trial counsel" was needed "to ensure that proper consideration was given" to claims that came within the new exception to procedural bar. *Id.,* 132 S. Ct. at 1318. The Court also made this an equitable rather than a constitutional requirement so that states could choose whether this entire process for considering such claims would occur in state or federal court, explaining that the equitable nature of this remedy "permits a State to elect between appointing counsel in initial-review collateral proceedings or not asserting a procedural default and raising a defense on the merits in federal habeas proceedings." *Id.,* 132 S. Ct. at 1320.

The need for evidentiary development of these claims was made even more clear in *Trevino*, in which the Supreme Court noted that "'the inherent nature of most ineffective assistance' of trial counsel 'claims' means that the trial court record will often fail to 'contain the information necessary to substantiate' the claim," and that "in Texas 'a writ of habeas corpus' issued in state collateral proceedings ordinarily 'is essential to gathering the facts necessary to ... evaluate'" these claims. 133 S. Ct. at 1918 (citing *Ex parte Torres*, 943 S.W.2d 469, 475 (1997) (en banc).) The Supreme Court concluded that Texas did not provide a meaningful review of ineffective-assistance-of-trial-counsel claims in the direct appeal, and that "were *Martinez* not to

apply, the Texas procedural system would create significant unfairness." *Id.,* 133 S. Ct. at 1919. "[P]ractical considerations, such as the need for a new lawyer, the need to expand the trial court record, and the need for sufficient time to develop the claim" were considered by the Supreme Court in determining that "the Texas procedural system—as a matter of its structure, design, and operation—does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal." *Id.,* 133 S. Ct. at 1921.

In both of these opinions, the Supreme Court has focused on the need to provide a meaningful opportunity for the review of ineffective-assistance-of-trial-counsel claims, and noted that factual development will often be required for the proper consideration of such claims. This portion of Respondent's motion is thus **DENIED.**

B

Respondent asserts that this Court should cancel the evidentiary hearing because it is precluded by 28 U.S.C. § 2254(e)(2). (Mot. at 4-10.) This part of the motion is **DENIED** without prejudice to its reconsideration, if necessary, after the procedural determination is made.

The opening clause of § 2254(e)(2) sets forth the application of this subsection: "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing *on the claim* unless ... ." *Id.* (emphasis added). The statute then sets forth the elements that must be satisfied if that subsection applies. The Court's prior order specified, however, that it was not conducting a hearing on the merits of any habeas claim. Instead, the hearing was granted on a preliminary procedural matter.

> Respondent asserts the limitation of § 2254(e)(2), but even if the limitation of § 2254(e)(2) applies to the consideration of the merits of a habeas claim, this Court may receive evidence on the threshold procedural determination of whether the exception to procedural bar applies. *See Schlup v. Delo,* 513 U.S. 298, 331 (1995) (discussing standards for district court in determining whether to hold an evidentiary hearing on exception to procedural bar); *House v. Bell,* 547 U.S. 518,

537 (2006) (noting that an evidentiary hearing was conducted by district court on exception).

(Order, ECF No. 36, at 2-3.)   At the end of this part of the analysis, the Court explained its exercise of discretion as follows: "The Court exercises its discretion to conduct an evidentiary hearing on the determination of whether the exception to procedural bar created in *Martinez* applies to these claims."  (ECF No. 36 at 5.)  In the event that a claim is found to come within the exception to bar, the Court "may" consider the same evidence for another purpose, but that is a determination that has yet to be made.[1]  The Court will not reach the merits of any claim that is barred and is not shown to come within an exception to bar.

Respondent has not addressed the actual basis for the hearing that was granted or the cases relied upon by the Court.  Therefore, Respondent's arguments are inapposite to the reason that the hearing was granted, so this part of the motion is **DENIED**, but it may be raised later in connection with the possible consideration of any such evidence if the threshold procedural showing is satisfied.

C

Respondent also argues that this Court should exercise its discretion to not hold the hearing, reasoning that the record of the state court proceedings is adequate to deny this claim.

---

[1] The parties should come to the hearing prepared to address whether the limitation of § 2254(e)(2) prevents the Court from considering evidence that is presented at the hearing on the procedural issue to then also decide the merits of claims that are determined to be excused from procedural default. In *Barrientes v. Johnson,* 221 F.3d 741 (5th Cir. 2000), the Court of Appeals explained:

> The Supreme Court in [*Williams v. Taylor,* 529 U.S. 420 (2000)] also linked the "failure to develop" inquiry with the cause inquiry for procedural default. *See id.* at [444] ("Our analysis [of § 2254(e)(2)] should suffice to establish cause for any procedural default petitioner may have committed in not presenting these claims to the Virginia courts in the first instance."). In this case, if Barrientes establishes cause for overcoming his procedural default, he has certainly shown that he did not "fail to develop" the record under § 2254(e)(2). Accordingly, if the district court determines that Barrientes has established cause and prejudice for his procedural default, it should proceed to conduct an evidentiary hearing on any claim for which cause and prejudice exists. It should then revisit the merits of any such claim anew.

*Id.* at 771 (footnote omitted).

The Court does not agree that the record is entirely adequate to resolve this claim. Because the threshold standard for the exception is so low, *see Martinez*, 132 S. Ct. at 1319 (citing COA standard in *Miller-El v. Cockrell*, 537 U.S. 322 (2003)), the stakes in this death-penalty case are so high, and the resolution of this issue may turn on a matter of degree, *e.g.*, how much missed mitigating evidence is enough, the Court is unwilling to deny Petitioner a meaningful opportunity to prove that a claim comes within the exception where there is a reasonable possibility that he could do so, and where valid questions exist regarding the adequacy of the record on such claim. *See Trevino*, 133 S. Ct. at 1918-21 (regarding the importance of allowing a meaningful opportunity to develop evidence that trial counsel was ineffective). This part of Respondent's motion is thus also **DENIED**.

## II

Respondent also requests that "any live testimony should be limited to the testimony of Braziel's trial counsel and, potentially, state habeas counsel." (Mot. at 13.) In support, Respondent argues that expert testimony would be unnecessary and inappropriate because it would not assist the Court in understanding the evidence or determining a fact in issue, such as strategic choices made by Braziel's trial and state habeas counsel. Respondent also references this Court's stated preference for written exhibits in lieu of live testimony of all witnesses other than trial and state habeas counsel.

Braziel did not respond to this portion of the motion and does not explain why live testimony, as opposed to affidavits or other documents, would not provide all that he needs to make this threshold showing. Therefore, it does not appear that live testimony from anyone other than trial and state habeas counsel is necessary.[2] This part of Respondent's motion is thus

---

[2] Although Respondent argues that expert testimony would be unnecessary and inappropriate (Mot. at 13), he does not ask the Court to decide the admissibility of expert testimony on this issue, and the Court declines to do so *sua*

**GRANTED.**

## III

Respondent's motion to cancel the evidentiary hearing and alternative motion to limit the scope of evidentiary development (ECF No. 42) is **DENIED IN PART** and **GRANTED IN PART** as follows. Respondent's request that the Court hold the evidentiary hearing is prohibited by 28 U.S.C. § 2254(e)(2) (Mot. at 2-13) is **DENIED** without prejudice to its reconsideration when the Court decides whether evidence presented at the hearing may be considered in deciding the merits of a claim that is shown to come within an exception to procedural bar. Respondent's alternative request to exclude the live testimony of witnesses other than trial counsel and state habeas counsel (Mot. at 13) is **GRANTED.**

**IT IS SO ORDERED** this 15th day of April, 2014.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

*sponte. See Johnson v. Quarterman*, No. 4:05-CV-3581, 2007 WL 2891978 (S.D. Tex. Sept. 28, 2007), *aff'd*, 306 Fed. App'x 116 (5th Cir. 2009). The Court notes that the parties have already disclosed witness lists that include only one witness other than trial or state habeas counsel. (ECF Nos. 46 & 47.) Although this order does not decide whether expert testimony will be admitted at the hearing, nothing in this order relieves a party from the duty under the prior orders of this Court to timely disclose experts.